NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10105 |
| Plaintiff-Appellee, | D.C. No. 4:17-cr-01471-JAS-LAB-1 |
| v. | |
| WILMER MARTIN FLORES, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona, Tucson
James A. Soto, District Judge, Presiding

Submitted April 16, 2021**
San Francisco, California

Before: R. NELSON and HUNSAKER, Circuit Judges, and JACK***, District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Janis G. Jack, Senior United States District Judge of the
United States District Court for the Southern District of Texas, sitting by
designation.

Wilmer Flores appeals his jury conviction and sentence for assaulting a federal officer, C.A., in violation of 18 U.S.C. §§ 111(a) and (b). We affirm.

Even though Flores failed to object to the magistrate court's report and recommendation denying his motion to suppress, we review de novo the legal conclusions that Flores was not "in custody" for purposes of *Miranda* and that his statements were voluntary. *See Miranda v. Anchondo*, 684 F.3d 844, 848–49 (9th Cir. 2012); *United States v. Brobst*, 558 F.3d 982, 995 (9th Cir. 2009); *United States v. Heller*, 551 F.3d 1108, 1112 (9th Cir. 2009). We review the district court's application of the Sentencing Guidelines to the facts for an abuse of discretion. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

1. The district court did not err in denying Flores's motion to suppress statements made during his disciplinary hearing. No *Miranda* warning was due because the circumstances of the disciplinary hearing—where Flores was free to leave upon request and was restrained consistent with standard protocol for an inmate in his housing unit—show that Flores was not "in custody." *See Howes v. Fields*, 565 U.S. 499, 512 (2012); *United States v. Hayden*, 260 F.3d 1062, 1066 (9th Cir. 2001). Additionally, Flores's statements were not made involuntarily because Flores was sufficiently informed of his right not to speak prior to making his statements. *See Oregon v. Elstad*, 470 U.S. 298, 318 (1985). And the

2

disciplinary hearing officer's ability to draw adverse inferences from Flores's silence was not itself coercive. *See Baxter v. Palmigiano*, 425 U.S. 308, 318–20 (1976).

2. The district court did not err in calculating Flores's base offense level and applying five-level and six-level sentence enhancements. First, the district court did not abuse its discretion in determining that Flores's conduct constituted aggravated assault under U.S.S.G. § 2A2.2 involving "serious bodily injury" because sufficient evidence supported that Flores caused the dislocation of C.A.'s neurostimulator and that Flores's conduct caused C.A. "extreme physical pain." *See* U.S.S.G. § 1B1.1 & cmt. n.1(M); *Gasca-Ruiz*, 852 F.3d at 1170. Evidence showing serious bodily injury elevated Flores's conduct to the level of aggravated assault, justifying the court's calculation of a base offense level of 14. U.S.S.G. § 2A2.2. Because the assault involved serious bodily injury that required medical intervention involving hospitalization and surgery, the district court did not abuse its discretion in applying a five-level enhancement to the base offense level. U.S.S.G. § 2A2.2(b)(3)(B).

The district court also did not abuse its discretion in applying the six-level enhancement because Flores created a "substantial risk of serious bodily injury" when he assaulted C.A. U.S.S.G. § 3A1.2(c). Commentary provides that "'[s]ubstantial risk of serious bodily injury' includes any more serious injury that

3

was risked, as well as actual serious bodily injury (or more serious injury) if it occurs." U.S.S.G. § 3A1.2 cmt. n.4(B). As explained above, evidence supported that C.A. suffered "serious bodily injury" from Flores's actions. Thus, because Flores does not dispute the circumstantial factors required by U.S.S.G. § 3A1.2(c)—namely, that C.A. was a prison official or that Flores was in prison custody at the time of the offense—the district court did not abuse its discretion in applying this enhancement.

**AFFIRMED.**